IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| GARY OVERSTREET | PETITIONER |
| V. | CIVIL NO. 2:16-CV-55-KS-JCG |
| JACQUELINE BANKS | RESPONDENT |

## REPORT AND RECOMMENDATION

BEFORE THE COURT are the Petition for Writ of Habeas Corpus filed by Gary Overstreet pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Jacqueline Bank's Motion to Dismiss the Petition as time-barred pursuant to 28 U.S.C. § 2244(d) (ECF No. 7), and Overstreet's Response to the Motion to Dismiss (ECF No. 10). Having considered the submissions of the parties, the record, and relevant legal authorities, the undersigned United States Magistrate Judge concludes that Overstreet's Petition is barred by the statute of limitations and should be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

On May 15, 1996, in the Circuit Court of Forrest County, Mississippi, Overstreet pleaded guilty to capital murder of a two-year-old child. (ECF No. 7-1, 7-10). The offense was deemed "especially heinous, atrocious, or cruel," given that "physical and mental child abuse was a continuous course of conduct over a period of at least ten days prior to the child's death," ultimately concluding with the child's death. (ECF No. 7-1, at 2). Overstreet was sentenced by Order issued May 15, 1996, to serve a term of life in the custody of the Mississippi Department of Corrections

without the possibility of parole. *Id.* Overstreet's conviction became final on June 15, 1996, thirty days after he was sentenced on his guilty plea. This calculation is based on the fact that Overstreet was sentenced prior to July 1, 2008.[1]

In February and June 1998, Overstreet filed motions in the Mississippi Supreme Court that were dismissed without prejudice to be filed in the state trial court. (ECF No. 7-2, 7-3, 7-4). In March 1999, Overstreet filed a motion for postconviction relief in the state trial court. (ECF No. 7-5). The motion was denied by Order issued August 31, 1999. (ECF No. 7-6). Overstreet did not appeal this decision.

Over seven years later, on January 30, 2007, Overstreet signed a second motion for postconviction relief, which was stamped as filed in the Circuit Court of Forrest County on March 20, 2007. (ECF No. 7-7). The Circuit Court dismissed Overstreet's motion as a successive petition by Order issued June 19, 2008. (ECF No. 7-8). Overstreet appealed this decision. On September 15, 2009, the Mississippi Court of Appeals remanded the case based on a finding that the trial judge, who acted as prosecutor at Overstreet's guilty plea hearing, should have recused himself from ruling on Overstreet's postconviction motion. *See Overstreet v. State,* 17 So. 3d 621 (Miss. Ct. App. 2009) (ECF No. 7-9).

---

[1] Mississippi Code Annotated section 99-35-1-1 was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea. *See Seal v. State,* 38 So. 3d 635, 638 (Miss. Ct. App. 2010). Prior to the amendment, a defendant who entered a guilty plea and was sentenced was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea. *Id.* (citing *Burrough v. State,* 9 So. 3d 368, 374 (Miss. 2009) and *Trotter v. State,* 554 So. 2d 313, 315 (Miss. 1989)). Because Overstreet was sentenced prior to 2008, the undersigned has calculated that judgment became final thirty days after Overstreet was sentenced.

On remand, a special judge was appointed, and by Order issued November 2, 2011, the motion for postconviction relief was again dismissed as successive. (ECF 7-10). Four and half years later, Overstreet filed the instant Petition in this Court on April 26, 2016. (ECF No. 1).

## LAW AND ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the petition alleges newly discovered evidence, however, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).

Overstreet filed his Petition almost twenty years after his conviction became final. In an attempt to overcome the AEDPA's statute of limitations, Overstreet asserts newly discovered evidence. He relies on his own affidavit, dated August 4, 2006; his brother's affidavit, dated July 17, 2006; and his former sister-in-law's affidavit, dated July 19, 2006. (ECF No. 2-1, 2-2, 2-3). These documents are intended to prove Overstreet's first assignment of error – that his trial counsel was ineffective because he allegedly told Overstreet, "if you don't sign this plea agreement this court is offering you this day, and you take this case to trial, you will

be found guilty by this court, and you will be sentenced to death!" (ECF No. 2-1). Overstreet also offers a 1997 newspaper article which indicates that his trial counsel committed suicide some six months after Overstreet was sentenced, with no indication in the article that the suicide was related to Overstreet's case. (ECF No. 2-4).

The affidavits submitted by Overstreet are a decade old and the article nearly two decades old. These documents are not "new" evidence triggering statutory tolling under § 2244(d)(1)(D). Furthermore, counsel's stern warning to Overstreet that he risked a harsher sentence if he did not plead guilty was not ineffective assistance of counsel. *United States v. Cothran,* 302 F.3d 279, 284 (5th Cir. 2002) (defense counsel's prediction of a harsh sentence at trial and statement that his "own 'opening statement [would] convict [his client]'" did not render plea involuntary); *Uresti v. Lynaugh,* 821 F.2d 1099, 1101-02 (5th Cir. 1987) (finding plea voluntary where attorney warned his client that he would be lucky to get 99 years if he went to trial and threatened to withdraw if client pleaded not guilty). The Judgment issued by the state trial court is clear that Overstreet was fully advised of but expressly waived his right to a trial by jury, including his right to have a jury determine his sentence. (ECF No. 7-1, at 1). The Judgment is also clear that Overstreet stated under oath that his plea was free, voluntary, knowing, and intelligent. *Id.*

Overstreet's second assignment of error concerns Dr. Steven T. Hayne, a

forensic pathologist whom Overstreet submits performed the autopsy of the deceased child victim and found human bite marks attributable to Overstreet on the child's body. (ECF No. 2, at 13, 21). Dr. Hayne did not testify in Overstreet's case because Overstreet pleaded guilty. Overstreet alleges nonetheless that the bite mark information in Dr. Hayne's report induced him to plead guilty and that Dr. Hayne has since been proven to be a fraud. *Id.* at 13.

Overstreet has presented no evidence with respect to his claim regarding Dr. Hayne. He merely alleges that "[i]n the year of 2007 or 2008, the 'Innocence Project' of New York conducted an in depth investigation on Doctor Steven T. Hayne, which proved Doctor Hayne to be fraud." (ECF No. 2, at 13). Overstreet then lists a series of cases, presumably from the article, where Dr. Haynes was found or alleged to have offered speculative or false evidence. *Id.* at 20.

That Dr. Hayne was criticized in a 2007 or 2008 investigation or that he presented speculative or false evidence in other cases, does not establish that Dr. Hayne presented false or speculative evidence in Overstreet's case. *See Council v. Bingham,* No. 2:09-cv-19-KS-MTP, 2011 WL 589808, 6 (S.D. Miss. Jan. 19, 2011) ("The fact that Dr. Hayne may have been criticized in a magazine article does not establish that he is a 'forensic fraud' or that he wrongfully testified in [petitioner's] case.").[2] Even if relevant, a 2007 or 2008 article purportedly cataloging allegations

---

[2] Overstreet admits that there was more than bite mark evidence underlying his decision to plead guilty, stating that he was alleged to have given the child victim a "few smacks" in addition to biting the child. (ECF No. 2, at 21).

or findings against Dr. Hayne was available through the exercise of reasonable diligence prior to the expiration of the statute of limitations and does not constitute newly discovered evidence. *See Cooper v. Mississippi,* No. 1:10-cv-218-MPM-JAD, 2011 WL 1827482, *1 (N.D. Miss. Apr. 20, 2011). Neither statutory tolling nor equitable tolling of the statute of limitations is warranted. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).

Next, Overstreet attempts to overcome the statute of limitations bar by proceeding through the "actual innocence" gateway to federal habeas review, which was applied in *Schlup v. Delo,* 513 U.S. 298 (1995) and further explained in *House v. Bell,* 547 U.S. 518 (2006). In those cases, a convincing showing of actual innocence enabled the habeas petitioners to overcome a procedural bar to consideration of their constitutional claims. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013). More recently, the United States Supreme Court in *McQuiggin v. Perkins* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or as in this case, expiration of the statute of limitations." *Id.*

> To be credible, a claim of actual innocence
>
> > requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup,* 513 U.S. at 324. A petitioner must persuade the court that "in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (citing *Schlup,* 513 U.S. at 329 and *House,* 547 U.S. at 538).

All of the exhibits submitted by Overstreet have been addressed. They are not adequate to show that, had they been presented at trial, no reasonable juror would have convicted Overstreet. Overstreet may not proceed through the gateway of "actual innocence" to overcome the untimeliness of his Petition. The Petition, filed in April 2016, concerning a 1996 conviction should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). Overstreet is not entitled to an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases in the District Courts.

## RECOMMENDATION

It is the opinion of the undersigned United States Magistrate Judge that Respondent's Motion to Dismiss [7] should be GRANTED and Petitioner's request for habeas corpus relief [1] pursuant to 28 U.S.C. § 2254 denied with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned

District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED**, this the 12th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE